Shields, Justice, delivered the opinion of the court: This was an action on the case by Lucien Berry against Alexander Dunlap, sheriff of Morgan county, brought in the Morgan circuit court, for a false return to a writ of fieri facias sued out of the clerk’s office of the Morgan circuit court, in favor of said Berry against one Elias Elder, and placed in the hands of Dunlap, sheriff of Morgan. The declaration contains three counts, each averring a return on the said writ, “ That he (Dunlap) had made diligent search and no property found to satisfy the writ.” The two first counts state that during the life time of the execution, and while in the hands of the said Dunlap, the said Elder had property in the county, of which Dunlap had notice; and the third count states that he had property out of which, with due diligence, the amount of the debt could have been made; and that he fraudulently failed and neglected to use such diligence, etc. Dunlap [ *330 ] pleaded not guilty to this declaration, and the parties went to trial. The bill of exceptions shows that upon the trial, proof having been given of the loss of the execution, and return set forth in the declaration, the court permitted the execution docket of the clerk, and the entries therein of the date and amount of said execution, the clerk having first téstiñed as to the regularity of such docket, to be given in evidence of such facts. Dunlap, by his counsel, objected to the introduction of this evidence. The objection was overruled ; to which Dunlap excepted. The plaintiffs attorney, Yates, was then sworn, who testified that he copied the return exactly in the declaration, and that he held in his hand a copy, as stated in the declaration, which he used to refresh his memory, and which was the same as the original return, and the same as that set forth in the declaration. To the introduction of this testimony Dunlap also objected, but the objection was overruled, and exceptions taken. A variety of testimony was afterwards introduced in relation to Elder’s property at the time, and in relation to a brick kiln which Elder had previously burned, and which was still in being, while the execution continued in the hands of Dunlap; and there was some other testimony which it is not necessary to notice. Several instructions were next asked for by the plaintiff, which were given to the jury by the court; and to the first, third, fifth, and seventh of which Dunlap excepted. The instructions are set forth in the bill of exceptions, and will be noticed hereafter. The jury found a verdict for the plaintiff. A motion was thereupon made for a new trial,.for the reasons, 1. That Yates’ testimony should have been excluded ; 2. That the instructions given to the jury were erroneous ; 3. That the verdict was against law and evidence. The motion for a new trial was overruled, and excepted to ; and this decision is now assigned for error. First. Did the court err in permitting the entries on the clerk’s docket to be read to the jury ? Previous to the introduction of this testimony, the plaintiff adduced proof of the loss of the execution and return thereon, and the simple question is, what would be the next best evidence of tlieir contents ? The clerk proved that it was the practice of his office to keep an execution docket in which the date, amount, etc., of each execution were entered, as well as the return; and that the entries relative to the execution and return in question were correctly made by him. When a book is thus regularly kept by a clerk, as an execution docket, it might be questionable whether the entries therein would not constitute good and valid primary evidence ; hutas secondary evidence, it is the very best that could be produced in such a case. The next objection raised is to the decision of the court, in permitting Yates to use a copy of a copy in testimony. It appears that after proof [*381] of the loss of the execution and return, Yates, the plaintiff’s counsel, was sworn, who testified that he had the original execution and return before him, when he drafted the declaration, and that he copied both of them correctly ; and that he held a copy of the return, as set forth in the declaration, in his hand, in order to refresh his memory. This is not liable to the objection of using a copy of a copy of a written instrument in evidence. He was merely called upon to give parol proof of the contents of a writing which was lost, and it was competent for him to use the declaration or any other paper for the purpose of refreshing his memory on the subject. Having disposed of the objections raised to the admission of testimony, it is necessary to advert next to the instructions. The first instruction is in the following woids: “If the jury believe that the said Elder had property in the county of Morgan, sufficient to pay the execution, or part thereof, against him, and that the said Dunlap, by reasonable diligence and exertions, could have made the amount of the said execution, or part thereof, they will find for the plaintiff.” The purport of this instruction is simply to require the sheriff to make reasonable exertions to levy upon the property of the defendant in his county. This at least every sheriff and constable is bound to do; and if he fails to exercise due diligence in the discharge of his duty in this respect, he is responsible for whatever loss or detriment the person who commits an execution to his hands may sustain in consequence of such failure. Hargrave v. Penrod, Breese’s App. 18, 19; 10 Wend. 367. The language of the third instruction is, “ That if the bricks were sold by the thousand, and were in the kiln with others, and remained to be separated and counted, the bricks were Elder’s until separated and counted.” This instruction is correct, so far as its application to the testi-monj can be gathered from the bill of exceptions. Elder burned and owned the kiln, and no sale, by thousand, of any portion of the bricks, could have been considered complete, until the lot sold was separated, in some mode, from the general mass. To make a sale in such a case good, there must be either an actual or virtual delivery of the lot sold. The fifth instruction is, “ That the sheriff is only bound-to notice legal claims fairly exhibited of third persons to property found in the possession of the defendant; and not bare assertions apd declarations.” This is certainly correct; otherwise the idle assertion of a third person would prevent the sheriff from performing his duty. The following is the seventh instruction: “ That the statement of a witness that he considered that the property was his own, is not evidence that it was, but merely an opinion.” The ['*'332] word “ consider,” as used in this connexion, is an expression of opinion, and not a positive assertion of ownership. Besides, a witness, in a conflict of ownership, should state facts, and let the jury draw the conclusion, by determining the true ownership. The other objections are not tenable. The judgment below is affirmed at the costs of the appellant. Judgment affirmed.